FERNANDEZ, J.
In these consolidated appeals, juveniles G.W., R.H., and T.L. challenge the constitutionality of section 784.081, Florida Statutes (2010), asserting that the sentencing enhancement contemplated in the statute violates the equal protection clauses of the United States Constitution and the Florida Constitution. For the following reasons, we affirm.
Appellants appeal the trial court’s orders withholding adjudications of delinquency and, in the cases of R.H. and T.L., placing them in a community control program. All three appellants request that the adjudicatory and disposition orders be reversed, and their eases be remanded with directions that their motions to dismiss the enhancement be granted and that a finding of guilt as to simple battery be entered.
The State charged each of the appellants in a petition for delinquency, alleging that each committed a simple battery against a school district employee. The State charged G.W. with battery against an indoor suspension teacher/supervisor, R.H. with battery against his homeroom teacher, and T.L. with battery against a school bus attendant/monitor.
Appellants moved to dismiss the petitions, alleging that the statute was not rationally related to its purpose because there was no requirement that the State prove that the school employees were engaged in the performance of their duties when the respective batteries occurred.[1] The trial court denied the motions, and appellants proceeded to adjudicatory hearings, after which the court declared appellants delinquent.
Appellants contend that the statute creates “an elite class of untouchables” because it affords protection to school district employees based solely on their status as school district employees. We disagree with this contention and conclude that the trial court correctly determined that there is no valid constitutional challenge to the statute.
Our review of the constitutional challenge to the statute is de novo. See Troy v. State, 948 So.2d 635 (Fla.2006).
*85 The subject statute provides, in relevant part, that:
(2) Whenever a person is charged with committing an assault or aggravated assault or a battery or aggravated battery upon any elected official or employee of: a school district ... when the person committing the offense knows or has reason to know the identity or position or employment of the victim, the offense for which the person is charged shall be reclassified as follows:
(c) In the case of battery, from a misdemeanor of the first degree to a felony of the third degree.
See § 784.081(2)(c), Fla. Stat. (2010). Equal protection rights are:
[N]ot violated merely because some persons are treated differently than other persons. It only requires that persons similarly situated be treated similarly. In the absence of a fundamental right or a protected class, equal protection demands only that a distinction which results in unequal treatment bear some rational relationship to a legitimate state purpose. This is known as the rational basis test.
Duncan v. Moore, 754 So.2d 708, 712 (Fla.2000) (emphasis added).[2] Application of the rational basis test consists of two prongs: 1) whether the statute serves a legitimate government purpose, and 2) whether the legislature was reasonable in its belief that the classification would promote that purpose. Hechtman v. Nations Title Ins. of N.Y., 840 So.2d 993 (Fla.2003).
We first note that the Legislature has broad authority, under its police power, to enact laws which “promote the public health, safety, morals, and general welfare” of its citizens. Div. of Pari-Mutuel Wagering Dep’t of Bus. Regulation v. Fla. Horse Council, Inc., 464 So.2d 128, 130 (Fla.1985). It cannot be said that section 784.081 serves no legitimate government purpose. The Florida Legislature, in the exercise of its police power, determined that it was necessary and appropriate to provide educators with additional protection from crimes of violence. It declared its intent when it enacted section 784.081, as it pertains to school district employees. The Florida Legislature stated, in pertinent part:
[W]ith the rising incidence of crime, especially juvenile crime, teachers and other educators are increasingly at risk of becoming the victims of those who perpetrate crimes of violence and ... it is the purpose of the Legislature to protect the safety and welfare of educators whose professional duties in the classroom make them especially vulnerable to violent crimes committed by juvenile offenders and other offenders, and to deter classroom violence against teachers and other educators by enhancing the penalties for assaults and batteries committed against educators, ....
See 1996 Fla. Sess. Law Serv. Ch. 96-293.
It likewise cannot be said that the Legislature was unreasonable in its belief that section 784.081 would promote the Legislature’s stated purpose as it pertains to elected officials or school district employees. The intent of the Legislature is unequivocally clear in that it meant to provide additional protection to individuals charged with the duty to educate children in schools. The designation of school district employees as the subject group to benefit from such protection was in recognition that those employed by a school are *86 particularly susceptible to crimes for which enhanced penalties for assaults and batteries would serve as a deterrent. Furthermore, it is common knowledge that the reach of educators extends far beyond school boundaries and transcends into the very lives of students and their families. It thus stands to reason that section 784.081 offers greater protection to educators and thereby rightfully promotes the “public health, safety, morals, and general welfare” of the citizens of this state.
We therefore conclude that there is no constitutional infirmity to section 784.081(2)(c), and affirm the adjudication of delinquency in each of the consolidated appeals, as well as the orders placing R.H and T.L. in community control programs.
Affirmed.

. We note that all three school district employees were engaged in duties associated with their employment when the batteries occurred.

. Here, the State need only meet this test as there is no fundamental right or suspect class at issue.